UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO HOWARD LLOYD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 14 CV 3929 |
| | ) | Hon. Marvin E. Aspen |
| UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently before us is Petitioner Mario Howard Lloyd's ("Lloyd") habeas corpus petition pursuant to 28 U.S.C. § 2255. For the reasons stated below, we dismiss Lloyd's petition.

**BACKGROUND**

In 1990, a jury in this district convicted Lloyd of one count of conspiracy to distribute cocaine, six counts of distributing cocaine, one count of engaging in a continuing criminal enterprise, one count of conspiracy to defraud the United States, two counts of conducting monetary transactions with drug money, two counts of money laundering, and two counts of structuring monetary transactions to avoid currency reporting requirements. In May 1994, the Seventh Circuit affirmed Lloyd's conviction and the original sentence of 15 life terms on direct appeal. *See United States v. Walker*, 25 F.3d 540, 543 (7th Cir. 1994).

Over the last twenty years, Lloyd has filed a series of collateral attacks against his conviction and sentence, the instant petition being only the most recent. In 1997, Lloyd filed his first § 2255 petition. As a result of that petition, we reduced Lloyd's prison term from fifteen life sentences to five. *United States v. Lloyd*, 983 F. Supp. 738, 744 (N.D. Ill. 1997). Since then,

Lloyd filed at least two other collateral attacks. The court denied those petitions because Lloyd did not obtain the requisite authorization from the Seventh Circuit to file a successive attack. *See United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005) (finding Lloyd's motion, captioned as a request for sentence reduction under § 3582(c)(2), was in fact a § 2255 successive collateral attack); *Lloyd v. Veach*, 6 C 1200, 2006 WL 2640217, at *2 (C.D. Ill. Sept. 12, 2006) (finding Lloyd's § 2241 petition, which challenged "the validity of his convictions and sentences," was a § 2255 successive collateral attack). Lloyd has also unsuccessfully petitioned the Seventh Circuit for authorization to file a successive collateral attack on five different occasions. After the fourth request, the Seventh Circuit warned that any additional frivolous motions would result in sanctions. *Lloyd v. United States*, No. 11-3696, slip op. (7th Cir. Dec. 13, 2011). Indeed, after Lloyd filed a fifth frivolous application, the court barred him from filing any further civil suits in the Seventh Circuit courts until he paid a $500 fine. *Lloyd v. United States*, No. 12-2390, slip op. (7th Cir. June 19, 2012). The court did not receive Lloyd's payment of this sanction until August 21, 2014, but he nonetheless filed the current petition on May 27, 2014.

Lloyd's petition raises two issues. First, Lloyd states that he brings this motion under subsection § 2255(f)(3) "to preserve Alleyne's case," citing *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013). He suggests that in *Alleyne*, the Supreme Court decided that facts triggering mandatory minimum sentences must be submitted to the jury and proven beyond a reasonable doubt. (Pet. at 5.) He apparently concedes that *Alleyne* does not currently apply to his case retroactively, but contends that his sentences should be vacated if *Alleyne* became retroactive in the future. (*Id.* at 13–14.) Second, he argues that this petition is not successive under § 2255(h)(2). (*Id.* at 6, 13.)

**DISCUSSION**

Before permitting a § 2255 petition to proceed, the court must conduct a preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Rule 4(b) provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule Governing § 2255 Proceedings 4(b).

First, Lloyd's petition must be dismissed since he was barred from filing a civil case in this jurisdiction when he filed it. The Seventh Circuit has made clear that it will not tolerate prisoners who repeatedly use habeas corpus petitions to frivolously challenge their sentences. *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004). The "problem is that these prisoners waste time, copious amounts of it, repeatedly filing petitions that they know, or should know because they have been told, are futile." *Id.*; *see Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997). Since "the [c]ourt's responsibility is to see that [its] resources are allocated in a way that promotes the interests of justice," the Seventh Circuit has determined that it is prudent to sanction frivolous filers. *Montgomery*, 362 F.3d at 957 (quoting *In re McDonald*, 489 U.S. 180, 184, 109 S. Ct. 993, 996 (1989)); *see Alexander*, 121 F.3d at 315.

The Seventh Circuit previously found that Lloyd has a history of filing frivolous motions and issued a sanction preventing him from filing any papers "attacking his current criminal judgment, including future collateral attacks" until he paid a $500 fine. *Lloyd v. United States*, No. 12-2390, slip op. (7th Cir. June 19, 2012). Lloyd filed the current petition before he paid the sanction, thus the clerk's office should have returned it unfiled. *See Mucha v. State of Wis.*, 12 C 202, 2012 WL 5331220, at *1 (E.D. Wis. Oct. 26, 2012) (dismissing an action filed by plaintiffs

3

who were merely acting as proxies for a restricted filer); *Sumbry v. Ind. State Prison*, 6 C 308, 2006 WL 2038178, *2 (S.D. W. Va. May 11, 2006) (dismissing a case filed by an individual on the restricted filer list).

Moreover, contrary to Lloyd's contention, his petition appears to be a successive collateral attack, in which case we would not have jurisdiction to hear it. The Antiterrorism and Effective Death Penalty Act ("AEDPA") bars an individual from filing a second or successive habeas petition without obtaining leave to do so from the circuit court. 28 U.S.C. §§ 2244(b)(3), 2255(h); *see Suggs v. United States*, 705 F.3d 279, 282 (7th Cir. 2013). Lloyd did not receive authorization from the Seventh Circuit before filing this petition.

Lloyd cites *Magwood v. Patterson*, 561 U.S. 320, 130 S. Ct. 2788 (2010), to argue that his petition is not a successive collateral attack. (Pet. at 6.) In *Magwood*, the Supreme Court held that a collateral sentencing challenge is not successive if it follows an earlier successful petition for resentencing. 561 U.S. at 332–39, 130 S. Ct. at 2797–2801. In other words, a successful § 2255 sentencing challenge creates a clean slate and permits the petitioner to attack the resentencing without seeking authorization from the Seventh Circuit. *Id.*; *Suggs*, 705 F.3d at 284. Lloyd appears to believe that under *Magwood* his 1997 resentencing reset the clock on his right to file a collateral attack without circuit court approval. He does not, however, cite any facts to support this contention. Moreover, even if the 1997 judgment did create a clean slate, Lloyd has filed at least two other unsuccessful motions seeking § 2255 relief since his 1997 resentencing. *See Lloyd*, 398 F.3d 978; *Veach*, 2006 WL 2640217. And, after *Magwood*, the Seventh Circuit denied two applications to file a successive collateral attack without doubting that Lloyd needed such approval. *Lloyd v. United States*, No. 12-2390, slip op. (7th Cir. June 19, 2012); *Lloyd v. United States*, No. 11-3696, slip op. (7th Cir. Dec. 13, 2011). Thus, we are

unwilling to hold that Lloyd's petition is not successive, and highly doubt that we have jurisdiction to hear Lloyd's claim absent Seventh Circuit authorization.

In any event, even if we had jurisdiction, Lloyd's petition does not raise an actionable § 2255 challenge to his conviction or sentencing. Lloyd's petition is based on *Alleyne*, in which the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155. The Court, however, decided *Alleyne* years after Lloyd was sentenced. The Seventh Circuit has found that, until the Supreme Court holds otherwise, *Alleyne* does not apply retroactively to cases on collateral review. *United States v. Martin*, 564 F. App'x 850, 851 (7th Cir. 2014); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *see United States v. King*, 13 C 5927, 2014 WL 3558759, at *2 (N.D. Ill. July 14, 2014) (denying a § 2255 petition based on *Alleyne* because "Seventh Circuit precedent indicates that *Alleyne* is unavailable to defendants, who like [petitioner], present their arguments on collateral review"); *United States v. Partee*, 11 C 6758, 2014 WL 584874, at *5 (N.D. Ill. Feb. 13, 2014) ("Since the Supreme Court has not declared that *Alleyne* applies retroactively to cases on collateral review, its holding does not apply to [petitioner's] sentence."). Since *Alleyne* is not retroactive, it does not provide Lloyd with grounds for relief at this time.

Nor can we prospectively find that Lloyd's sentencing should be vacated if and when the Supreme Court applies *Alleyne* retroactively. By filing this petition, it appears that Lloyd is attempting to comply with the statute of limitations requirements for habeas petitions. (*See* Pet. at 13–14.) Habeas petitions must generally be filed within one-year of a final judgment. 28 U.S.C. § 2255(f)(1). Section 2255(f)(3) provides an exception that tolls the one-year statute of limitations until "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively

5

applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). As we have stated, the Supreme Court has not yet declared that *Alleyne* applies retroactively, and it is "highly unlikely" that it will do so in the future. *Chatman v. Magana*, 14 C 1650, 2014 WL 3866016, at *6 (N.D. Ill. Aug. 6, 2014); *United States v. Davis*, 14 C 50124, 2014 WL 2712312, at *1 (N.D. Ill. June 16, 2014) ("The Seventh Circuit . . . prognosticated that it is highly unlikely *Alleyne* will ever be held to apply retroactively on collateral attack in the future." (citing *Simpson*, 721 F.3d at 876)). In the event that the Supreme Court does make *Alleyne* retroactive, Lloyd may then have a more cognizable claim under § 2255(f)(3). Based on the current law, however, we cannot grant Lloyd's prospective request for relief; doing so would be akin to issuing an advisory opinion. *See Davis*, 2014 WL 2712312, at *1 ("*Alleyne* cannot serve as a basis to apply § 2255(f)(3)."); *United States v. Osborn*, 13 C 50224, 2013 WL 3795700, at *1 (N.D. Ill. July 19, 2013) (finding that a § 2255 motion based on a constitutional law that had not been made retroactive on collateral review was untimely).

Finally, we decline to issue a certificate of appealability in this case. Rule 11(a) of the Rules Governing Section 2255 Proceedings requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule Governing § 2255 Proceedings 11(a). The district court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1); *see Slack v. McDaniel*, 529 U.S. 473, 483, 120 S. Ct. 1595, 1603 (2000). To make this showing, the movant must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 483–84, 120 S. Ct. at 1603–04 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3394 (1983)).

Here, we find that no reasonable jurists could debate whether we should have resolved the case differently. *See Davis*, 2014 WL 2712312, at *2; *Osborn*, 2013 WL 3795700, at *2. Accordingly, we will not issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, Lloyd's § 2255 petition is dismissed. We also decline to issue a certificate of appealability. It is so ordered.

                                                            Marvin E. Aspen
                                                            United States District Judge

Dated: November 4, 2014
        Chicago, Illinois